The UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER, Appellant,

v.

Terry SCHROEDER, Appellee.

No. 01–04–00218–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 8, 2005.

*Farm Stores, Inc. v. Texaco, Inc.,* 763 F.2d 1335, 1343 (11th Cir.1985).

Robert P. Gaddis, Gaddis Alvarez, P.C., Houston, TX, for Appellant.

Brett E. Dressler, Weitinger & Dressler, Charlotte, NC, for Appellee.

Panel consists of Justices TAFT, KEYES, and HANKS.

## OPINION

EVELYN V. KEYES, Justice.

Appellant, the University of Texas Health Science Center (UT), brings this interlocutory appeal from the trial court's denial of its plea to the jurisdiction in favor of appellee, Terry Schroeder. In three issues on appeal, UT argues that the trial court erred in denying its plea to the jurisdiction because (1) the only use of tangible personal property alleged to have caused injury was used by a student and not an employee; (2) the negligent supervision claim had no allegation or showing that any of UT's employees used tangible personal property which caused injury; and (3) the injuries complained of were not caused by the negligent use of tangible personal property.

We reverse the cause and render judgment.

### Background

In January 1998, Schroeder's doctor referred her to UT for the treatment of gum disease. A graduate student, Dr. Nicholas Tsoukalas, was assigned to handle Schroeder's gum disease under the supervision of Dr. Frederick Silverman. Dr. Tsoukalas recommended that Schroeder undergo a full mouth reconstruction that consisted of (1) the grafting of gum tissue; (2) crown lengthening surgeries; (3) multiple tooth preparations; and (4) the crowning of prepared teeth. The dental procedures took over two and one-half years to complete and cost Schroeder over $16,000, payable to UT. Schroeder also alleged that she paid an additional $100,000 to doctors outside UT.

Schroeder sued UT in March 2002, alleging medical malpractice. In her first amended petition, she added a claim of battery against Dr. Frederick Silverman. On November 20, 2003, UT filed its plea to the jurisdiction. UT and Silverman also filed a motion for summary judgment on January 27, 2004. The trial court denied UT's plea to the jurisdiction on February

18, 2004.[1] UT filed a motion for reconsideration, which the trial court denied on March 13, 2004. UT appeals from this order.

### Governmental Immunity[2]

As a governmental unit, UT is immune from suit unless it consents to suit. *See Dallas Area Rapid Transit v. Whitley,* 104 S.W.3d 540, 542 (Tex.2003); TEX. CIV. PRAC. & REM.CODE ANN. § 101.001(3) (Vernon 2005) (defining "governmental unit"). Governmental immunity from suit defeats a trial court's subject-matter jurisdiction. *Whitley,* 104 S.W.3d at 542. In a suit against a governmental unit, a plaintiff must, therefore, affirmatively demonstrate the trial court's jurisdiction by alleging facts demonstrating a waiver of immunity. *Id.* In our review of the trial court's rulings on UT's plea to the jurisdiction based on governmental immunity, we determine, from the facts alleged by the plaintiff and from the evidence relevant to the jurisdictional issues, whether the plaintiff's claims fall within a waiver of immunity. *Id.*

Under the Texas Tort Claims Act (TTCA), a state governmental unit, such as UT, is liable for personal injuries "caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(2) (Vernon 2005); *see id.* § 101.025 (Vernon 2005) (waiving governmental immunity from suit "to the extent of liability created by this chapter"). The Supreme Court of Texas has held that "the Tort Claims Act does not create a cause of action; it merely waives sovereign immunity as a bar to a suit that would otherwise exist." *City of Tyler v. Likes,* 962 S.W.2d 489, 494 (Tex.1997).

### Contentions of the Parties

In its plea to the jurisdiction, UT argued that Schroeder did not plead facts that showed a waiver of UT's immunity. Specifically, UT pointed out that Dr. Tsoukalas was not an employee of UT, a necessary prerequisite to waiver of immunity. UT also asserted that no waiver occurred because Schroeder's injuries were not caused by the negligent use of personal property.

Attached to UT's plea to the jurisdiction is an affidavit by Robert L. Engelmeier, the Director of the Graduate Prosthodontic Program at UT. Dr. Engelmeier's affidavit states that none of the students in the program receive any compensation from UT. "The students are responsible for paying tuition and fees to UT." It describes the school's function as follows:

> Anyone in the general public needing dental treatment can apply to UT to become one of its 'teaching cases' as part of its educational program in graduate studies. Those persons which qualify as 'teaching cases' are accepted as such and are offered reduced fee services. However, on the average, only about one applicant in ten qualify as

---

1. The trial court granted Silverman's summary judgment motion. Schroeder does not appeal from this order. The trial court also granted UT's motion for summary judgment on Schroeder's common-law battery claim, but denied all other claims asserted by UT.

2. The terms sovereign immunity and governmental immunity are often used synonymously and interchangeably without distinction. However, the supreme court has noted that sovereign immunity refers to the State's immunity from suit and liability and protects the State and its divisions, while governmental immunity protects political subdivisions of the State, including counties, cities, and school districts. *Wichita Falls State Hosp. v. Taylor,* 106 S.W.3d 692, 694 n. 3 (Tex.2003).

'teaching cases'. Ms. Terry Schroeder was accepted as a 'teaching case'.

The affidavit also states that, "Since December, 1999 [Dr. Silverman] has had no involvement whatsoever with any of the graduate Prosthodontics Department cases, including Ms. Terry Schroeder's." Finally, the affidavit states, "Dr. Nicholas Tsoukalis was a student at UT paying tuition for and studying under the Graduate program. At no time was Dr. Tsoukalis ever employed by UT or paid any wages, earnings or any other money by UT."

Dr. Silverman's deposition was also attached to UT's plea to the jurisdiction. When asked if he did any hands-on work with Ms. Schroeder, Dr. Silverman answered, "no."

In response to UT's plea to the jurisdiction, Schroeder states that Dr. Tsoukalas primarily treated her. She states that Dr. Silverman "participated in the analysis, creation and implementation of the treatment plan." She alleges that "Dr. Silverman had the right to control the physical details of Tsoukalas' work." In her response, Schroeder states that the basis of her malpractice claim was that the treatment plan was wholly unnecessary. She further states that "the gist of Plaintiff's complaint is that UT embarked on an unnecessary course of care (crowning the teeth) based upon a misdiagnosis or no diagnosis at all." She argues that under section 101.021(2), the statute does not contain any explicit "paid employee" language. Rather, the statute requires only a showing that the governmental entity would be liable if it were a private person. Attached to Schroeder's response is a deposition transcript from Dr. Silverman in which he testified that 100% of the work on Ms. Schroeder was done by Dr. Tsoukalas. Dr. Silverman admitted that he did have responsibility within the UT edu-cational guidelines to monitor the work that Dr. Tsoukalas performed on Ms. Schroeder and that he was responsible for seeing that Dr. Tsoukalas "was prepared for the procedures for that day" and "to see that those procedures were performed."

### Paid Employee

■ In its first issue on appeal, UT argues that the trial court erroneously denied its plea to the jurisdiction because Dr. Tsoukalas was a student and was not a paid employee of UT.

As addressed above, to waive UT's governmental immunity, Schroeder had to allege facts that demonstrated UT's waiver of governmental immunity. Schroeder predicated UT's waiver of governmental immunity on section 101.021(2) of the TTCA. Section 101.021 provides that a governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(1)(A)(B), (2).

The Act defines an "employee" as:

a person, including an officer or agent, who is in the paid service of a govern-

mental unit by competent authority, but does not include an independent contractor, an agent or employee of the independent contractor, or a person who performs tasks the details of which the governmental unit does not have the legal right to control.

TEX. CIV. PRAC. & REM.CODE ANN. § 101.001(2) (Vernon 2005).

The evidence indisputably shows that Dr. Tsoukalas was a graduate student at UT and received no compensation from UT. Schroeder does not argue to the contrary. Rather, Schroeder asserts that subsection two of section 101.021 is different from subsection one because subsection two does not contain the term, "paid employee," thus indicating the legislature's intent that "paid employee" is not a prerequisite to waive UT's governmental immunity.

Although the term "paid employee" is not contained within subsection two, the Supreme Court of Texas has interpreted subsection two of section 101.021 to require that a governmental employee use the tangible personal property. *See San Antonio State Hosp. v. Cowan*, 128 S.W.3d 244, 246 (Tex.2004) (holding that the requirement of a governmental unit itself to be the user "is not expressly stated in section 101.021, but we have read it into section 101.021(1), which waives immunity for the use of motor-driven vehicles and equipment, and there is no reason to construe 'use' differently in section 101.021(2)."); *DeWitt v. Harris County*, 904 S.W.2d 650, 653–54 (Tex.1995). Accordingly, we hold that Schroeder did not demonstrate a waiver of governmental immunity by UT.

We sustain UT's first issue on appeal.

### Negligent Supervision

■ In its second issue on appeal, UT contends that the trial court erred in denying its plea to the jurisdiction on Schroe-

der's negligent supervision claim. Schroeder contends that even if Dr. Tsoukalas was not UT's employee, UT waived its immunity because a paid employee (Dr. Silverman) failed to "competently supervise a state student who, in turn, injures another with tangible personal property." Schroeder cites to *Texas A & M Univ. v. Bishop*, 105 S.W.3d 646, 656 (Tex.App.-Houston [14th Dist.] 2002). When Schroeder filed her brief, the *Bishop* opinion from our sister court was still good law. Since then, however, the supreme court has reversed the *Bishop* opinion. *See Texas A & M Univ. v. Bishop*, 156 S.W.3d 580 (Tex.2005). The supreme court's opinion stated that "To the extent Bishop claims the faculty advisors allowed the Wonios to provide the knife by failing to properly supervise the production, such negligent supervision, without more, does not constitute a 'use' of personal property that would waive TAMU's immunity under section 101.021(2)." *Id.* at 583.

Moreover, we have previously held that allegations of negligent supervision do not satisfy the limited waiver of immunity contained within the act. *Texas Dep't of Family & Protective Servs. v. Atwood*, 176 S.W.3d 522 (Tex.App.-Houston [1st Dist.] 2004, pet. denied); *City of Houston v. Rushing*, 7 S.W.3d 909, 915 (Tex.App.-Houston [1st Dist.] 1999, pet. ref'd) (referencing TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(2)).

Here, the gravamen of Schroeder's complaints amount to negligent supervision. In her second amended petition, Schroeder asserted claims for medical malpractice under the TTCA. Specifically, she alleged that "Defendants' recommendation to undergo a full mouth reconstructive course of care was not reasonable." She asserted that "defendant used tangible personal property belonging to the State to accomplish the crowning." She further asserted that,

The persons who committed the acts complained of herein are 1) Silverman because he approved of the treatment plan and was the supervising faculty member responsible for the creation and implementation of Plaintiff's treatment plan and 2) Nick Tsoukalas because he devised and implemented the treatment plan.

She further asserted that UT is liable because

> Plaintiff's claim involves: 1) personal injury caused by the negligence and negligent supervision of an employee acting within his scope of employment, 2) the personal injury was caused by a condition or use of tangible personal property and 3) the governmental unit, were it a private person, would be liable to Plaintiff according to Texas law.

Moreover, in her response to UT's plea to the jurisdiction, Schroeder admitted that her "claim is predicated on the actions, supervision and legal responsibility of a State paid employee. Indeed, when push comes to shove, Tsoukalas was merely an agent appointed by UT, supervised by its paid employee, to perform dental services for which UT received payment."[3]

Claims of negligent supervision by UT or the supervising doctor are not actionable against UT because negligent supervision claims do not constitute a premise defect or the condition or use of property claim, and thus the Act does not waive sovereign immunity for such claims. *See*

*Bishop,* 156 S.W.3d at 583; *Atwood,* 176 S.W.3d 522; *Texas Dep't of Public Safety v. Petta,* 44 S.W.3d 575, 581 (Tex.2001).[4]

Because we conclude that Dr. Tsoukalas was not a paid employee of UT and that Schroeder's claims of negligent supervision do not waive UT's immunity, we hold that UT's immunity has not been waived. Accordingly, the trial court abused its discretion when it denied UT's plea to the jurisdiction.

We sustain UT's second issue on appeal.

Because we sustain UT's first and second issues on appeal, we need not address UT's third issue on appeal, which asserts that the trial court erred in granting UT's plea to the jurisdiction because Schroeder did not allege or show that the injuries complained of were caused by the negligent use of tangible personal property. *See* TEX.R.APP. P. 47.1.

## Conclusion

Schroeder's petition does not allege a cause of action that falls within any of the three categories in which the TTCA waives the sovereign immunity afforded to UT. The trial court, therefore, erred in denying UT's plea to the jurisdiction. Accordingly, we reverse the judgment of the trial court and render judgment dismissing Schroeder's suit against UT for want of jurisdiction.

---

3. In her brief, Schroeder states that "UT is liable to Schroeder because her injuries arise out of a paid employee's negligent supervision of the student's use of State owned equipment, which negligence proximately caused injury to Schroeder by virtue of the direct, repetitive and dentally unnecessary contact between State owned equipment and Schroeder's teeth."

4. Schroeder also contends that a claim under the TTCA can survive if the claim is predicated on the negligence of an unpaid agent appointed to carry out the duties of a paid state employee. *See Smith v. University of Texas,* 664 S.W.2d 180 (Tex.App.-Austin 1984, writ ref'd n.r.e.). We decline to follow *Smith* in light of the supreme court's disapproval of that opinion. *See Bishop,* 156 S.W.3d 580, 585 n. 1.