**CITY OF PASADENA, Appellant,**

v.

**James THOMAS, Appellee.**

**No. 01–05–00333–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 31, 2006.

Richard Risinger, Pasadena, TX, for Appellant.

Richard Morrison, III, Sugar Land, TX, Kenneth W. Burch, Gray, Burch & Haddad, Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices ALCALA and BLAND.

## OPINION

JANE BLAND, Justice.

The City of Pasadena appeals the trial court's order denying the City's plea to the jurisdiction of the court. The City maintains that it is immune from James Thomas's allegations of negligence and negligent instruction, as pleaded. We hold that Thomas's pleadings do not allege a claim in negligence for which governmental immunity is waived. We therefore reverse the order of the trial court.

## BACKGROUND

In November 2003, Thomas performed community service for the City in lieu of paying a municipal court fine. A city supervisor provided Thomas with a machete and instructed that he use it to cut brush in a ditch. While cutting brush, Thomas slipped, and the machete blade lodged in

the ground. Thomas's right hand then slid from the handle to the machete's blade, and he sliced three of his fingers.

Thomas claims the City negligently furnished him with a machete that lacked a guard, or hilt, that would prevent a user's hand from sliding over the blade. He further alleges that the City negligently failed to provide him with protective gloves. Finally, he alleges that the City negligently instructed him to cut brush in a steep ditch.

The City filed a plea to the jurisdiction, asserting that the trial court does not have subject matter jurisdiction over Thomas's claims because the pleadings fail to overcome the City's presumption of immunity. The trial court denied the plea. The City appeals the interlocutory order. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2005).

## JURISDICTION

The City complains that Thomas does not allege that the City's use of tangible personal property, as defined by the Texas Tort Claims Act, caused his injuries, and thus it is immune from suit for a negligence claim. *Id.* § 101.021(2) (Vernon 2005).

### A. Standard of Review

■ In suits against governmental units, a plaintiff must affirmatively demonstrate the court's subject matter jurisdiction by alleging a valid waiver of immunity. *Dallas Area Rapid Transit v. Whitley,* 104 S.W.3d 540, 542 (Tex.2003). To determine whether the plaintiff has met that burden, " 'we consider the facts alleged by the plaintiff and, to the extent it is relevant to the jurisdictional issue, the evidence submitted by the parties.' " *Id.* (quoting *Tex. Natural Res. Conservation Comm'n v. White,* 46 S.W.3d 864, 868 (Tex.2001)).

■ Whether a court has subject matter jurisdiction is a question of law. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex.2004). In some cases, however, disputed jurisdictional facts may require resolution by a factfinder. *Id.* In reviewing a jurisdictional ruling, we construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept factual allegations as true. *Id.* at 226, 228; *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Miranda,* 133 S.W.3d at 228.

■ If the evidence creates a fact question regarding a jurisdictional issue, then the trial court should not grant the plea until the fact issue is resolved. *Id.* at 227–28. If the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, then the trial court should rule on the plea as a matter of law. *Id.* at 228. Here, neither the City nor Thomas submitted evidence, so we review Thomas's petition and address whether Thomas has pleaded facts sufficient to overcome the City's presumption of governmental immunity as a matter of law. *See Whitley,* 104 S.W.3d at 542.

### B. Negligence

■ The Tort Claims Act provides that governmental units are liable for "personal injury . . . so caused by a condition or use of tangible personal . . . property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(2). Section 101.021(2) waives immunity for a use of personal property only if the governmental unit is the user. *San Antonio State Hosp. v. Cowan,* 128 S.W.3d 244, 245–46 (Tex. 2004). "Use" means "to put or bring into

action or service; to employ for or apply to a given purpose." *Id.* at 246.

██ Here, Thomas contends that the City was negligent (1) "in failing to furnish [him] with protective gloves in order to protect against injuries," and (2) "in furnishing [him] with a machete which had no guard on the handle to protect one's hand from sliding easily from the handle and over the blade." We first note that these pleadings do not allege a waiver of governmental immunity in general because, in them, Thomas concedes that the City was not a user of the personal property at issue. A governmental unit does not use personal property merely by furnishing it to someone else who uses it. *Id.* As the Texas Supreme Court observed, if "use" means "to make available," then the statutory restriction in the Tort Claims Act would have very little force. *Id.* Thus, in the absence of use by a governmental employee, a state entity is liable only if it provides property lacking an integral safety component that leads to the plaintiff's injuries. *Id.* at 247.

It is this exception upon which Thomas relies, citing a series of cases in which the Texas Supreme Court has found governmental immunity to be waived because the equipment provided by the state actor lacked an integral safety component. *See Robinson v. Cent. Tex. MHMR Ctr.*, 780 S.W.2d 169, 171 (Tex.1989) (providing no immunity for mental health facility that failed to provide life preserver for epileptic patient who subsequently drowned while swimming); *Lowe v. Tex. Tech Univ.*, 540 S.W.2d 297, 300 (Tex.1976) (providing no immunity for university that failed to provide proper safety equipment to football player, which led to knee injury); *Overton*

*Mem'l Hosp. v. McGuire*, 518 S.W.2d 528, 529 (Tex.1975) ("[I]f the Hospital is found negligent in providing a bed without guard rails, it may not assert governmental immunity....").

██ The Texas Supreme Court, however, has since limited these holdings, observing that "these cases represent 'the outer bounds of what we have defined as use of tangible personal property.'" *Tex. A & M Univ. v. Bishop*, 156 S.W.3d 580, 584 (Tex.2005) (quoting *Kerrville State Hosp. v. Clark*, 923 S.W.2d 582, 585 (Tex. 1996)) ("*Bishop II*").[1] Most recently, it has instructed courts to apply the holdings in these cases "narrowly, only when an integral safety component is entirely lacking rather than merely inadequate." *Id.* Importantly, the failure to provide a "more effective safety feature" does not waive immunity under the Tort Claims Act. *Id.*

The trial court in this case denied the City's plea to the jurisdiction before the Texas Supreme Court handed down *Bishop II*. Our court has the benefit of that decision, which involves analogous facts. In that case, a student actor in a college play accidentally stabbed another student actor during a performance of *Dracula*. *Id.* at 581–82. The injured student sued the university, alleging that immunity was waived by (1) providing an inherently dangerous Bowie knife to the students that resulted in a stabbing injury, and (2) failing to provide a stab pad to the student actor who was wounded. *Id.* at 582–83. Relying on the *Robinson* line of authority, Bishop contended that his allegations sufficiently demonstrated a waiver of immunity because the property the State provided— the knife—lacked an integral safety component. *Id.* at 584.

---

**1.** *Bishop II* is the second appeal to the Texas Supreme Court addressing jurisdictional issues in the same trial court cause number. The first, *Bishop v. Texas A & M University*, 35

S.W.3d 605 (Tex.2000) ("*Bishop I*"), addressed whether the individuals sued in the case were state actors for purposes of the Tort Claims Act.

As to the use of the knife, the Texas Supreme Court observed, "In this case, the drama club faculty advisors did not themselves 'put or bring [the knife] into action or service' or 'employ [the knife] for or apply [it] to a given purpose,' as we have said the term 'use' intends." *Id.* at 583 (quoting *Cowan*, 128 S.W.3d at 246). The court further rejected Bishop's reliance on the *Robinson* line of authority that the knife was inherently unsafe and thus lacking an integral safety component. *Id.* at 584. Finally, the court rejected Bishop's claim that "the knife was inherently unsafe without an adequate stab pad." *Id.* Substituting "machete" for the knife used in *Bishop II*, and "protective gloves" for a stab pad, we conclude that the allegations in this case do not demonstrate a waiver of governmental immunity. *See id.* (rejecting notion that fact that knife is inherently unsafe means that integral safety component was missing, and noting that safer alternative does not mean that knife lacked integral safety component). Thus, assuming that a machete with a hilt may be safer than one without a hilt, *Bishop II* would not espouse the conclusion that a hilt is "an integral safety component," even given that a machete is dangerous for the very reason that it is sharp.

Following *Bishop II*, we hold that the nonuse of property as pleaded in this case does not support a waiver of immunity under the Tort Claims Act. *See id.* We therefore hold that the alleged facts are insufficient to survive a plea to the jurisdiction. *See Whitley*, 104 S.W.3d at 542.

## C. Negligent Supervision

The City further contends that Thomas's alternative theory of negligent supervision or instruction fails to establish a waiver of the City's immunity. We agree, following the Texas Supreme Court's holding in *Bishop II* for this aspect of the case as well.

Under the Tort Claims Act, a plaintiff must allege an injury resulting from the "condition or use of tangible personal ... property." TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(2). The Texas Supreme Court has held that "information is not tangible personal property, since it is an abstract concept that lacks corporeal, physical, or palpable qualities." *Tex. Dep't of Public Safety v. Petta*, 44 S.W.3d 575, 580 (Tex.2001). Because information in the form of instructions is not tangible personal property, it does not give rise to a claim under the Tort Claims Act. *Id.* at 580–81. Negligent supervision of Thomas's use of the machete, without more, fails to waive the City's immunity. *See Bishop II*, 156 S.W.3d at 583 ("To the extent Bishop claims the faculty advisors allowed the [directors] to provide the knife by failing to properly supervise the production, such negligent supervision, without more, does not constitute a 'use' of personal property that would waive TAMU's immunity under section 101.021(2), else the failure to prevent any accident that involves tangible personal property would come within the statute's purview.").[2]

## CONCLUSION

We hold that Thomas's pleadings are insufficient to allege a claim in negligence

---

**2.** In its fourth issue, the City contends that even if immunity is waived under section 101.021(2), the acts complained of constitute discretionary acts under section 101.056. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.056 (Vernon 2005). Specifically, the City contends that its decision as to the type of machete to use is a discretionary act for which immunity is not waived. Because we conclude that the alleged conduct involved nonuse of personal property and thus does not present a basis for waiver of governmental immunity, we do not address the City's alternative ground for its jurisdictional plea.

for which governmental immunity is waived. Accordingly, we reverse the order of the trial court denying the City's plea to the jurisdiction, and remand the case to the trial court with an instruction to grant the plea.