

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00102-CV

PHILLIP SMALLWOOD,

Appellant

v.

THE STATE OF TEXAS, ET AL.,

Appellees

From the 278th District Court
Walker County, Texas
Trial Court No. 23,005

## MEMORANDUM OPINION

Phillip Smallwood, a Texas inmate, sued the Texas Department of Criminal Justice for injuries sustained while working with a metal cutting machine. The trial court granted TDCJ's plea to the jurisdiction. On appeal, Smallwood challenges the dismissal of his lawsuit for lack of subject matter jurisdiction. We affirm.

### STANDARD OF REVIEW

A plea to the jurisdiction challenges the trial court's "power to determine the subject matter of the suit." *Vela v. Waco Indep. Sch. Dist.*, 69 S.W.3d 695, 698 (Tex.

App.—Waco 2002, pet. withdrawn). We review a plea "based on sovereign immunity de novo because the question of whether a court has subject matter jurisdiction is a matter of law." *Hoff v. Nueces County*, 153 S.W.3d 45, 48 (Tex. 2004); *see Vela*, 69 S.W.3d at 698. Where "the pleading requirement has been met and evidence has been submitted to support the plea that implicates the merits of the case, we take as true all evidence favorable to the nonmovant." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004) (citing *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997)). "We indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Id*.

## ANALYSIS

In one issue, Smallwood contends that the trial court improperly granted TDCJ's plea to the jurisdiction because his claim falls within the waiver of immunity provided by section 101.021 of the Civil Practice and Remedies Code.

"[S]overeign immunity deprives a trial court of subject matter jurisdiction for lawsuits in which the state or certain governmental units have been sued unless the state consents to suit." *Miranda*, 133 S.W.3d at 224. The Tort Claims Act waives a governmental entity's sovereign immunity for the following areas of liability: (1) injuries arising from the "operation or use of a motor-driven vehicle or motor-driven equipment;" (2) injuries "caused by a condition or use of tangible personal or real property;" and (3) injuries caused by a premises defect. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021-.022 (Vernon 2005 & Supp. 2009).

In his first amended petition, Smallwood alleged that he and another inmate were operating a metal cutting machine when the activated blade severed his thumb and some fingers. Smallwood alleged that this injury was caused by: (1) an excessive workload; (2) lack of supervision; (3) a "self-taught" work environment; (4) general training that failed to cover "dangers and safety precautions;" (5) removal of safety devices from the machine; (6) the transferring of inmates in and out of the work area; (7) inadequate training; (8) lack of safety shielding on the back of the machine; (9) denial of his request for a "safety cage;" (10) the absence of safety devices and warnings on the machine; (11) inexperience of the inmate assisting him with the machine; (12) lack of access to a safety device; and (13) absence of a turn-off switch.[1]

On appeal, Smallwood contends that his injury arises from a condition or use of tangible personal property because (1) the machine was defective, as safety devices had been removed; and (2) TDCJ employees misused the machine, as the machine was improperly installed and inmates were improperly trained and supervised.[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2).

It is undisputed that, at the time of Smallwood's injury, he and another inmate were using the machine. When there is an "absence of use by a government employee,

---

[1]  Smallwood also alleged that the infirmary was ill-equipped to handle his injury, his injury was not properly treated, and he had no choice as to the medical facility to which he was transferred or the physicians who treated him. He does not argue that these allegations waive TDCJ's sovereign immunity.

[2]  The parties engage in some discussion of section 101.029 of the Civil Practice and Remedies Code. Under section 101.029, immunity may be waived for injuries caused by an inmate's operation or use of a motor-driven vehicle or motor-driven equipment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.029(a)(1) (Vernon 2005). Smallwood does not argue that his injuries arise from the operation or use of motor-driven equipment. Moreover, section 101.029 does not apply to injuries sustained by inmates. *See id.* at § 101.029(d).

a state agency is liable only if a state actor provided property lacking an integral safety component that led to the plaintiff's injuries." *Tex. Dep't of Family & Protective Servs. v. Atwood*, 176 S.W.3d 522, 529 (Tex. App.—Houston [1st Dist.] 2004, pet. denied); *see San Antonio State Hosp. v. Cowan*, 128 S.W.3d 244, 245-46 (Tex. 2004).

In *Texas A & M University v. Bishop*, 156 S.W.3d 580 (Tex. 2005), Bishop was acting in a university play when another actor stabbed him in the chest, missing the stab pad. *See Bishop*, 156 S.W.3d at 581. Bishop argued that the University provided equipment lacking an integral safety component, an adequate stab pad. *Id.* at 584. The Supreme Court rejected this argument, explaining that its previous holdings in *Robinson v. Central Texas MHMR Center*, 780 S.W.2d 169 (Tex. 1989) (swimming attire without life preserver), *Lowe v. Texas Tech University*, 540 S.W.2d 297 (Tex. 1976) (football uniform without knee brace), and *Overton Memorial Hospital v. McGuire*, 518 S.W.2d 528 (Tex. 1975) (hospital bed without bed rails) should be applied "narrowly only when an integral safety component is entirely lacking rather than merely inadequate:"

> In *Clark*[3], we held that prescribing a medication less effective than an alternative treatment would have been does not mean that the medicine provided lacked an integral safety component. We distinguished *Lowe* and *Robinson*, explaining:
>
>> For *Lowe* to apply . . . we must assume that the university would have waived its immunity even if it had provided Lowe with a knee brace as long as Lowe could show that another type of knee brace would have better protected him. Likewise, for *Robinson* to apply, we must assume that MHMR would have waived its sovereign immunity even if it had provided Robinson a life preserver if Robinson could

---

[3]     *Kerrville State Hosp. v. Clark*, 923 S.W.2d 582 (Tex. 1996).

> show that MHMR should have provided him with a better one.
>
> We determined that, in deciding *Lowe* and *Robinson*, we did not intend to allow both use and non-use (*i.e.*, failure to provide a *more effective* safety feature) to effect a waiver of immunity under the Act. Similarly, Bishop's claim that the knife was inherently unsafe without an adequate stab pad does not mean that an integral safety component was lacking for purposes of governmental waiver under the Act.

*Id*. (internal citations and footnotes omitted). Immunity was not waived. *See id*.

In *City of Pasadena v. Thomas*, 263 S.W.3d 43 (Tex. App.—Houston [1st Dist.] 2006, no pet.), Thomas was injured while using a machete furnished by a City supervisor. *See Thomas*, 263 S.W.3d at 44-45. Thomas alleged that the City failed to provide protective gloves and the machete "had no guard on the handle to protect one's hand from sliding easily from the handle and over the blade." *Id*. at 46. The First Court held:

> [T]he allegations in this case do not demonstrate a waiver of governmental immunity. Thus, assuming that a machete with a hilt may be safer than one without a hilt, *Bishop II*[4] would not espouse the conclusion that a hilt is "an integral safety component," even given that a machete is dangerous for the very reason that it is sharp.

*Id*. at 47 (internal citations omitted).

In *Harris v. Texas Department of Criminal Justice*, No. 12-03-00363-CV, 2004 Tex. App. LEXIS 4870 (Tex. App.—Tyler May 28, 2004, no pet.) (mem.op.), Harris's finger was severed by a steam press he was operating. *Harris*, 2004 Tex. App. LEXIS 4870, at *1. Harris argued that the press was "defective in that it lacked proper safety equipment." *Id*. at *5. Although the press had a safety feature, Harris argued that the

---

[4] In *Bishop I*, the Supreme Court held that the drama club's faculty advisors were TAMU employees at the time of the injury. *See Bishop v. Texas A&M Univ.*, 35 S.W.3d 605, 607 (Tex. 2000).

press lacked a "safety device to prevent an injury such as he suffered were the press to engage on its own." *Id*. at *7. The Tyler Court construed this argument to allege that the "safety component present was not as effective as an alternate safety component might have been." *Id*. Immunity was not waived. *See id*. at *11.

In this case, to support its plea to the jurisdiction, TDCJ provided evidence showing that the machine was equipped with safety features. In his deposition, Smallwood acknowledged that TDCJ added a kill switch to the front of the machine. He further acknowledged that TDCJ modified the machine so that a steel pin could be inserted, which prevented the ram from falling. When the pin is in place, the machine cannot be activated. Finally, Smallwood admitted that a kill switch or plug is also located on the back of the machine. He assumed that when TDCJ modified the machine, this switch became inoperable. He never tested the switch or asked whether the switch still worked. In an affidavit, the prison plant manager stated that the machine has five safety features, including a lock-out block, which was functioning properly at the time of the accident, on the back of the machine.

Because the machine was equipped with safety features, all that remains of Smallwood's argument is that these features were inadequate. TDCJ's failure to provide better safety devices and warnings does not establish that the machine was defective for lack of an integral safety component; thus, immunity is not waived under section 101.021(2). *See Bishop*, 156 S.W.3d at 584; *see also Thomas*, 263 S.W.3d at 47; *Harris*, 2004 Tex. App. LEXIS 4870, at *7; *State Dep't of Pub. Safety v. Petta*, 44 S.W.3d

575, 580-81 (Tex. 2001) (Section 101.021(2) does not waive immunity for the use, non-use, or misuse of information).

Nor do Smallwood's complaints that inmates were negligently supervised or trained state a claim for condition or use of property. *See Univ. of Tex. Health Sci. Ctr. v. Schroeder*, 190 S.W.3d 102, 107 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *see also City of Waco v. Williams*, 209 S.W.3d 216, 224-25 (Tex. App.—Waco 2006, pet. denied).

Finally, Smallwood argues that the workload, shifting work schedules, and oversight created a dangerous work environment that fostered "careless and negligent use and misuse of the very dangerous cutting machines." Again, Smallwood has not established a use or misuse of tangible property by TDCJ employees; thus, this argument does not bring his claims within the ambit of section 101.021(2). *See Cowan*, 128 S.W.3d at 246 ("A governmental unit does not 'use' personal property merely by allowing someone else to use it and nothing more.").

In summary, we hold that immunity is not waived under section 101.021(2). The trial court properly granted TDCJ's plea to the jurisdiction. We overrule Smallwood's sole issue and affirm the trial court's judgment.

FELIPE REYNA
Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
    (Chief Justice Gray dissenting with note)*
Affirmed
Opinion delivered and filed September 1, 2010
[CV06]

*       (Chief Justice Gray dissents.  A separate opinion will not issue.).