IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00102-CV

 

Phillip Smallwood,

                                                                                    Appellant

 v.

 

The State of Texas, et al.,

                                                                                    Appellees

 

 

 



From the 278th District
Court

Walker County, Texas

Trial Court No. 23,005

 



MEMORANDUM  Opinion



 








            Phillip Smallwood, a Texas
inmate, sued the Texas Department of Criminal Justice for injuries sustained
while working with a metal cutting machine.  The trial court granted TDCJ’s
plea to the jurisdiction.  On appeal, Smallwood challenges the dismissal of his
lawsuit for lack of subject matter jurisdiction.  We affirm.

STANDARD OF
REVIEW

A plea to the jurisdiction challenges
the trial court’s “power to determine the subject matter of the suit.”  Vela v. Waco Indep. Sch. Dist., 69 S.W.3d 695, 698 (Tex. App.—Waco
2002, pet. withdrawn).  We
review a plea “based
on sovereign immunity de
novo because the question of whether a court has subject
matter jurisdiction is a matter of law.”  Hoff v. Nueces County, 153 S.W.3d 45, 48 (Tex. 2004); see Vela, 69 S.W.3d
at 698.  Where “the
pleading requirement has been met and evidence has been submitted to support
the plea that implicates the merits of the case, we take as true all
evidence favorable to the nonmovant.”  Tex.
Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 228 (Tex. 2004) (citing Sci.
Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997)).  “We indulge every
reasonable inference and resolve any doubts in the nonmovant’s favor.”  Id.

ANALYSIS

            In one issue, Smallwood
contends that the trial court improperly granted TDCJ’s plea to the
jurisdiction because his claim falls within the waiver of immunity provided by
section 101.021 of the Civil Practice and Remedies Code.

            “[S]overeign immunity
deprives a trial court of subject matter jurisdiction for lawsuits in which the
state or certain governmental units have been sued unless the state consents to
suit.”  Miranda, 133 S.W.3d at 224.  The
Tort Claims Act waives a governmental entity’s sovereign immunity for the
following areas of liability: (1) injuries arising from the “operation or use
of a motor-driven vehicle or motor-driven equipment;” (2) injuries “caused by a
condition or use of tangible personal or real property;” and (3) injuries
caused by a premises defect.  See Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021-.022 (Vernon 2005 &
Supp. 2009).

In his first amended petition, Smallwood
alleged that he and another inmate were operating a metal cutting machine when
the activated blade severed his thumb and some fingers.  Smallwood alleged that
this injury was caused by: (1) an excessive workload; (2) lack of supervision;
(3) a “self-taught” work environment; (4) general training that failed to cover
“dangers and safety precautions;” (5) removal of safety devices from the
machine; (6) the transferring of inmates in and out of the work area; (7)
inadequate training; (8) lack of safety shielding on the back of the machine;
(9) denial of his request for a “safety cage;” (10) the absence of safety
devices and warnings on the machine; (11) inexperience of the inmate assisting
him with the machine; (12) lack of access to a safety device; and (13) absence
of a turn-off switch.[1]

On appeal, Smallwood contends that his
injury arises from a condition or use of tangible personal property because (1)
the machine was defective, as safety devices had been removed; and (2) TDCJ
employees misused the machine, as the machine was improperly installed and
inmates were improperly trained and supervised.[2] 
See Tex. Civ. Prac. & Rem.
Code Ann. § 101.021(2).

It is undisputed that, at the time of
Smallwood’s injury, he and another inmate were using the machine.  When there
is an “absence of use by a
government employee, a state agency is liable only if a state actor provided
property lacking an integral safety component that led to the plaintiff’s
injuries.”  Tex. Dep’t
of Family & Protective Servs. v. Atwood, 176 S.W.3d 522, 529 (Tex. App.—Houston [1st Dist.] 2004, pet.
denied); see San Antonio State Hosp. v. Cowan, 128 S.W.3d 244,
245-46 (Tex. 2004).

In Texas A & M University v.
Bishop, 156 S.W.3d 580 (Tex. 2005), Bishop was acting in a university play when another
actor stabbed him in the chest, missing the stab pad.  See Bishop, 156 S.W.3d at 581.  Bishop
argued that the University provided equipment lacking an integral safety
component, an adequate stab pad.  Id. at 584.  The Supreme Court
rejected this argument, explaining that its previous holdings in Robinson v. Central Texas MHMR
Center, 780
S.W.2d 169 (Tex. 1989) (swimming attire without life preserver), Lowe v. Texas Tech University, 540 S.W.2d 297 (Tex. 1976)
(football uniform without knee brace), and Overton Memorial Hospital v.
McGuire, 518 S.W.2d 528 (Tex. 1975) (hospital bed without bed
rails) should be applied “narrowly only when an integral safety component is
entirely lacking rather than merely inadequate:”

In Clark[3],
we held that prescribing a medication less effective than an alternative
treatment would have been does not mean that the medicine provided lacked an
integral safety component.  We distinguished Lowe and Robinson,
explaining: 

 

For Lowe to apply . . . we must
assume that the university would have waived its immunity even if it had
provided Lowe with a knee brace as long as Lowe could show that another
type of knee brace would have better protected him. Likewise, for Robinson
to apply, we must assume that MHMR would have waived its sovereign immunity
even if it had provided Robinson a life preserver if Robinson could show that
MHMR should have provided him with a better one.

 

We determined that, in deciding Lowe
and Robinson, we did not intend to allow both use and non-use (i.e.,
failure to provide a more effective safety feature) to effect a waiver
of immunity under the Act.  Similarly, Bishop’s claim that the knife was
inherently unsafe without an adequate stab pad does not mean that an integral
safety component was lacking for purposes of governmental waiver under the Act.

 

Id. (internal citations and footnotes
omitted).  Immunity was not waived.  See id.

 

In City of Pasadena v. Thomas,
263 S.W.3d 43 (Tex. App.—Houston [1st Dist.] 2006, no pet.), Thomas was injured while using a machete
furnished by a City supervisor.  See Thomas,
263 S.W.3d at 44-45.  Thomas
alleged that the City failed to provide protective gloves and the machete “had
no guard on the handle to protect one’s hand from sliding easily from the
handle and over the blade.”  Id. at 46.  The First Court held:

[T]he allegations in this case do not
demonstrate a waiver of governmental immunity.  Thus,
assuming that a machete with a hilt may be safer than one without a hilt, Bishop
II[4]
would not espouse the conclusion that a hilt is “an integral safety component,” even given
that a machete is dangerous for the very reason that it is sharp.

 

Id. at 47 (internal citations omitted).

            In Harris v. Texas Department of Criminal
Justice, No. 12-03-00363-CV, 2004 Tex. App. LEXIS 4870 (Tex.
App.—Tyler May 28, 2004, no pet.) (mem.op.), Harris’s finger was severed by a steam press he was
operating.  Harris, 2004 Tex. App. LEXIS 4870, at *1.  Harris argued that the press was
“defective in that it lacked proper safety equipment.”  Id. at *5.  Although
the press had a safety feature, Harris argued that the press lacked a “safety
device to prevent an injury such as he suffered were the press to engage on its
own.”  Id. at *7.  The Tyler Court construed this argument to allege
that the “safety component present was not as effective as an alternate safety
component might have been.”  Id.  Immunity was not waived.  See id.
at *11.

In this case, to support its plea to the
jurisdiction, TDCJ provided evidence showing that the machine was equipped with
safety features.  In his deposition, Smallwood acknowledged that TDCJ added a
kill switch to the front of the machine.  He further acknowledged that TDCJ
modified the machine so that a steel pin could be inserted, which prevented the
ram from falling.  When the pin is in place, the machine cannot be activated.  Finally,
Smallwood admitted that a kill switch or plug is also located on the back of
the machine.  He assumed that when TDCJ modified the machine, this switch became
inoperable.  He never tested the switch or asked whether the switch still
worked.  In an affidavit, the prison plant manager stated that the machine has
five safety features, including a lock-out block, which was functioning
properly at the time of the accident, on the back of the machine.

Because the machine was equipped with
safety features, all that remains of Smallwood’s argument is that these features
were inadequate.  TDCJ’s failure to provide better safety devices and warnings does
not establish that the machine was defective for lack of an integral safety
component; thus, immunity is not waived under section 101.021(2).  See Bishop, 156 S.W.3d at 584; see also Thomas, 263
S.W.3d at 47; Harris, 2004 Tex. App. LEXIS 4870, at *7; State Dep’t of Pub. Safety v. Petta, 44 S.W.3d 575, 580-81 (Tex.
2001) (Section 101.021(2) does not waive immunity for the use, non-use, or
misuse of information).

Nor do Smallwood’s complaints that
inmates were negligently supervised or trained state a
claim for condition or use of property.  See Univ. of Tex. Health Sci. Ctr. v.
Schroeder, 190 S.W.3d
102, 107 (Tex. App.—Houston [1st Dist.] 2005, no pet.); see also City of
Waco v. Williams, 209 S.W.3d 216, 224-25 (Tex. App.—Waco 2006, pet.
denied).

Finally, Smallwood argues that the
workload, shifting work schedules, and oversight created a dangerous work
environment that fostered “careless and negligent use and misuse of the very
dangerous cutting machines.”  Again, Smallwood has not established a use or
misuse of tangible property by TDCJ employees; thus, this argument does not
bring his claims within the ambit of section 101.021(2).  See Cowan,
128 S.W.3d at 246 (“A governmental
unit does not ‘use’ personal property merely by allowing someone else to use it
and nothing more.”).

In summary, we hold that immunity is not
waived under section 101.021(2). The trial court properly granted TDCJ’s plea
to the jurisdiction.  We overrule Smallwood’s sole issue and affirm the trial
court’s judgment.

 

 

FELIPE REYNA

Justice

 




Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

(Chief
Justice Gray dissenting with note)*

Affirmed 

Opinion
delivered and filed September 1, 2010

[CV06]

 

*           (Chief
Justice Gray dissents.  A separate opinion will not issue.).

 









[1]               Smallwood also alleged that the infirmary was
ill-equipped to handle his injury, his injury was not properly treated, and he
had no choice as to the medical facility to which he was transferred or the
physicians who treated him.  He does not argue that these allegations waive TDCJ’s
sovereign immunity.      

 





[2]               The parties engage in some discussion of
section 101.029 of the Civil Practice and Remedies Code.  Under section 101.029, immunity may be waived for injuries caused by an inmate’s operation
or use of a motor-driven vehicle or motor-driven equipment.  See Tex. Civ. Prac. & Rem. Code Ann. §
101.029(a)(1) (Vernon 2005).  Smallwood does not argue that his injuries
arise from the operation or use of motor-driven equipment.  Moreover, section
101.029 does not apply to injuries sustained by inmates.  See id. at §
101.029(d).

 





[3]               Kerrville State Hosp. v. Clark, 923 S.W.2d 582 (Tex. 1996).

 





[4]               In Bishop I, the
Supreme Court held that the drama club’s faculty advisors were TAMU employees
at the time of the injury.  See Bishop
v. Texas A&M Univ.,
35 S.W.3d 605, 607 (Tex. 2000).