Les VELA, Appellant,

v.

WACO INDEPENDENT SCHOOL DISTRICT, Appellee.

No. 10–00–187–CV.

Court of Appeals of Texas, Waco.

Jan. 30, 2002.

Rehearing Overruled Feb. 27, 2002.

Jefferson K. Brim, III, Brim, Arnett & Robinett, P.C., Austin, for appellant.

Bridget Robinson, Stacy Tuer Castillo, Walsh, Anderson, Brown, Schulze & Aldridge, P.C., Austin, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

BILL VANCE, Justice.

This is an appeal from a district court judgment in an employment discrimination case dismissing a former employee's cause of action for want of jurisdiction. Les Vela (Vela) filed suit against the Waco Independent School District (WISD) alleging that WISD improperly discriminated against her because of her ethnicity and sex when she was reassigned from her position as principal of an elementary school to an employee at the school district's central office. WISD filed a plea to the jurisdiction alleging that because Vela had not exhausted her administrative remedies, the trial court had no jurisdiction over the controversy. The trial court agreed and dismissed the case. Finding that Vela has exhausted the administrative remedies set out in the Commission on Human Rights Act, we will reverse the trial court's judgment and remand the cause for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

Vela was a principal of a WISD elementary school during the 1993–94 academic year. On August 3, 1994, Fred Zachary, then superintendent of WISD, placed Vela on administrative leave and reassigned her to the district's central office. Zachary told Vela that the demotion was due to "widespread unhappiness" among her employees, and that "many" of her employees feared her. Vela filed a grievance concerning her reassignment with the WISD board of trustees. It was denied on October 5, 1994.[1]

Vela filed a discrimination complaint with both the Equal Employment Opportunity Commission (EEOC) and the Texas Commission on Human Rights (TCHR). We note that both 42 U.S.C. section 2000e–5(c) and 29 U.S.C. section 633 provide that if a state has its own anti-discrimination laws and fair employment practice agency, the EEOC must defer its processing of a discrimination complaint until the state has had at least 60 days to investigate and resolve it. Therefore, the TCHR is a "deferral agency" that investigates and resolves employment discrimination complaints at the state level. *See* TEX. LAB.CODE. ANN. § 21.006 (Vernon 1996).

On July 19, 1995, Vela received notice of her right to bring suit against WISD from the TCHR. On September 15, 1995, she filed suit in state district court. WISD then filed a plea to the jurisdiction claiming that Vela had not exhausted her administrative remedies with the Commissioner of Education before filing suit, and therefore, the trial court lacked jurisdiction over her case.

## DISCUSSION

We must examine two competing statutes to resolve this issue. Before we begin, however, we should note the proce-

1. Following the board's denial of Vela's grievance, she filed an appeal to the Commissioner of Education. Vela ultimately dismissed that appeal. For reasons we will set forth, the incomplete nature of the proceedings before the Commissioner do not bear on our decision in this case.

dural posture upon which we make this determination.

WISD argued the plea to the jurisdiction on the premise that Vela had exhausted her remedies before the TCHR and had obtained a "right-to-sue" letter. WISD specifically argued that a "dual exhaustion requirement" exists in this case, *i.e.*, that Vela must exhaust her remedies before both the TCHR and the Commissioner before the jurisdiction of a district court can attach. It argued:

> So in this particular case, you have a Plaintiff who, because she chose to sue under the Education Code, as being aggrieved by actions of the school district, because she was a former employee, has to exhaust that administrative remedy as well as exhausting under the Labor Code,. . . .

Counsel for Vela specifically argued against the dual exhaustion requirement, saying: "I'm comfortable going to the appellate court on [the] basis that the State isn't requiring teachers to go two different ways to get a chance to have their complaint heard." The record shows that this single issue formed the basis for the dispute over jurisdiction.

At oral argument, counsel urged us to reach the merits of the dual exhaustion argument. Because it was the only question before the trial court when it heard the plea to the jurisdiction, and because the question is squarely presented to us, we address only that issue.

*Standard of Review*

█ A plea to the jurisdiction urges that the court lacks the power to determine the subject matter of the suit. *City of Cleburne v. Trussell*, 10 S.W.3d 407, 410 (Tex.App.—Waco 2000, no pet.). The plaintiff must plead facts which affirmatively show that the trial court has jurisdiction. *Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.

1993). Absent an allegation that the plaintiff's jurisdictional pleadings are fraudulent, the court must take the allegations in the petition as true and must construe them liberally in favor of the plaintiff when ruling on the plea. *Id.* However, a trial court is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised. *Bland Independent School Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex.2000). Because jurisdiction is a question of law, we review the trial court's ruling on a plea to the jurisdiction *de novo*. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998).

*Commission on Human Rights Act*

█ Chapter 21 of the Labor Code deals with employment discrimination. Tex. Lab.Code Ann. §§ 21.001–.306 (Vernon 1996 & Supp.2002). The general purposes of the Commission on Human Rights Act (CHRA) are set forth in section 21.001. *Id.* § 21.001. One purpose of the CHRA is to "provide for the execution of the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments (42 U.S.C. Section 2000e et seq.)." *Id.* § 21.001(1). A second purpose of the CHRA is to "secure for persons in this state, including persons with disabilities, freedom from discrimination in certain employment transactions, in order to protect their personal dignity." *Id.* § 21.001(4). The types of employment discrimination the CHRA is designed to suppress are defined in section 21.051 of the Labor Code. That section provides:

> An employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age the employer:
>
> (1) fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an

individual in connection with compensation or the terms, conditions, or privileges of employment; or

(2) limits, segregates, or classifies an employee or applicant for employment in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any other manner the status of an employee.

*Id.* § 21.051. We note the definition of "employer" in the CHRA includes "a county, municipality, state agency, or state instrumentality, regardless of the number of individuals employed." *Id.* § 21.002(8)(D). Therefore, WISD is an entity subject to claims made under the CHRA. *See Tarrant County Hosp. Dist. v. Henry,* 52 S.W.3d 434, 446 (Tex.App.—Fort Worth 2001, no pet. h.) (holding county hospital district to be a state instrumentality subject to claims made under the CHRA); *Crow v. Rockett Special Utility Dist.,* 17 S.W.3d 320, 325 (Tex.App.—Waco 2000, pet. denied) (holding special utility district to be a state instrumentality subject to claims made under the CHRA).

The CHRA establishes a comprehensive administrative review system to carry out the policies embodied in Title VII. In *Schroeder v. Texas Iron Works, Inc.,* the Supreme Court noted that an important policy of Title VII is exhaustion of administrative remedies prior to litigation. *Schroeder v. Texas Iron Works, Inc.,* 813 S.W.2d 483, 487 (Tex.1991). In furtherance of that policy, the CHRA creates the Commission on Human Rights (Commission) and describes its powers. TEX. LAB. CODE ANN. § 21.003. The Commission has the power to "receive, investigate, seek to conciliate, and pass on complaints alleging violations" of the CHRA. *Id.* § 21.003(a)(2). While conducting an investigation the Commission has the power to subpoena witnesses for examination and request production of relevant documents and records as evidence. *Id.* § 21.003(a)(4).

Under section 21.201 of the CHRA, a person claiming to be aggrieved by an unlawful employment practice may file a complaint with the Commission. Such a complaint must be filed within 180 days after the date the alleged practice occurred. *Id.* § 21.201(g). A complaint filed later than the 180th day after the date the alleged unlawful employment practice occurred will be dismissed as untimely. *Id.* § 21.202. After the complaint is filed, the Commission is required to investigate that complaint and determine if there is reasonable cause to believe that the employer engaged in an unlawful employment practice as alleged in the complaint. *Id.* § 21.204. If it finds that there is reasonable cause, the Commission must try to eliminate the unlawful employment practice by "informal methods of conference, conciliation, and persuasion." *Id.* § 21.207(a).

The CHRA's administrative review system also provides for judicial enforcement. If the Commission finds reasonable cause to believe that an unlawful employment practice has occurred, and if efforts to resolve the matter through "informal methods" have been unsuccessful, the Commission may bring a civil action against the employer. *Id.* § 21.251. If the Commission dismisses the complaint, or if within 180 days after the complaint was filed the Commission has not filed a civil action or successfully negotiated a conciliation agreement, the Commission must so inform the aggrieved employee. *Id.* § 21.208. After receiving such notice, the complainant may request from the Commission a written notice of the complainant's right to file a civil action. *Id.* § 21.252. If the right-to-sue notice is given, the complainant has 60 days to bring a civil action against his employer. *Id.*

§ 21.254. However, no civil action may be brought under the CHRA after the second anniversary of the date the complaint relating to the action is filed. *Id.* § 21.256.

The Supreme Court has concluded that exhaustion of the administrative review system outlined above is a mandatory prerequisite to filing a civil action alleging violations of the CHRA. *Schroeder,* 813 S.W.2d at 488. The Court stated that the CHRA does not provide an "unconditional private right of action." *Id.* Therefore, a complainant's failure to file a complaint and pursue his administrative remedies with the Commission creates a jurisdictional bar to his statutory discrimination claim. *Id.* The Supreme Court's decision in *Schroeder* suggests that the legislature intended for the CHRA to be the exclusive forum for the resolution of an employee's discrimination claim. *See also Vincent v. West Texas State University,* 895 S.W.2d 469, 473–74 (Tex.App.—Amarillo 1995, no writ) (finding CHRA to preempt claim of retaliatory discharge brought under Tort Claims Act); *Stinnett v. Williamson County Sheriff's Dept.,* 858 S.W.2d 573, 576–77 (Tex.App.—Austin 1993, writ denied) (finding claim of retaliatory discharge under Whistleblower Act to be preempted by more specific provisions of CHRA where the activity complained of entailed conduct prohibited by the CHRA).

■ Vela's suit against WISD asserts specific allegations of racial and sex discrimination under the CHRA. Vela claims that WISD demoted her because she is an Hispanic female. These allegations meet the definition of an "unlawful employment practice" in section 21.051. WISD is an "employer" under the definition in section 21.002. Therefore, Vela had a claim under the CHRA if she followed the administrative procedures set out in the Act.

■ Before bringing suit, Vela had completed the extensive administrative review system of the CHRA. She filed a discrimination complaint with the EEOC. Because the Commission on Human Rights is a "deferral agency" for the EEOC, Vela's complaint was investigated at the state level first. On July 19, 1995, the Commission on Human Rights sent Vela a notice of her right to file a civil action against WISD. At that point, Vela had exhausted her administrative remedies under the CHRA. TEX. LAB.CODE ANN. § 21.254; *City of Houston v. Fletcher,* 63 S.W.3d 920, 923–24 (Tex.App.—Houston [14th Dist.] 2002, no pet. h.) (finding that a right-to-sue letter from the Commission on Human Rights is notice of the complainant's exhaustion of the administrative remedies under the CHRA). When Vela filed suit in district court, there was no jurisdictional bar under the CHRA to prevent the trial court from hearing her case. Thus, we turn to WISD's assertion that she must also exhaust her administrative remedies set out in the Education Code.

*Appeal to the Commissioner of Education*

■ It is a general principle of law that a party must exhaust administrative remedies as a prerequisite to a trial court's jurisdiction in a case involving the administration of school laws and disputed fact issues. *See Texas Educ. Agency v. Cypress–Fairbanks,* 830 S.W.2d 88, 90 (Tex. 1992); *Gibson v. Waco Independent School Dist.,* 971 S.W.2d 199, 201 (Tex.App.—Waco 1998), *vacated on other grounds,* 22 S.W.3d 849 (Tex.2000). The doctrine of exhaustion of administrative remedies as a prerequisite to bringing suit has been part of Texas statutory school law since before 1900. *Godley Independent School Dist. v. Woods,* 21 S.W.3d 656, 658 n. 1 (Tex. App.—Waco 2000, pet. denied). WISD contends that Vela failed to exhaust her administrative remedies under section 11.13 of the Education Code before bring-

ing suit, and therefore, the trial court lacked jurisdiction over her claim.[2] As we have noted, the single issue before the trial court and before us is: which administrative remedies had to be exhausted? Those set out in the CHRA, the grievance procedures in the Education Code, or both?

A line of cases applies the doctrine of exhaustion of administrative remedies to the school employment context. In *Godley*, we noted that a teacher's claim of breach of his teaching-employment contract involves the administration of school laws and disputed fact issues, and thus, the teacher was required to exhaust the administrative remedies provided by the Education Code before looking to the courts for relief. *Godley*, 21 S.W.3d at 660; *See also Caramanian v. Houston Indep. School Dist.*, 829 S.W.2d 814, 817–18 (Tex. App.—Houston [14th Dist.] 1992, no writ) (teacher's claim of breach of employment contract involved disputed fact issues, and thus, administrative proceedings had to be exhausted before seeking relief in the courts); *Jones v. Dallas Independent School Dist.*, 872 S.W.2d 294, 296 (Tex. App.—Dallas 1994, writ denied) (employee alleging that a school district wrongfully terminated her employment contract must apply to the school authorities for relief before filing suit in district court).

We have found no case, however, that has decided whether a school district employee's *discrimination* claim under the CHRA involves the administration of school laws, such that the employee must exhaust the administrative remedies in the Education Code before a trial court has jurisdiction over the CHRA claim.

Generally, a specific statute will control over a statute of more general application. *Stinnett*, 858 S.W.2d at 576. The CHRA is a specific statute that creates a cause of action for an employee like Vela who believes she has been improperly discriminated against. On the other hand, section 11.13 of the Education Code requires employees to appeal to the Commissioner of Education from a board of trustees' denial of many different grievances. Section 11.13 entitled "Appeals" reads:

(a) Except in cases of student disciplinary actions under Section 21.301 or 21.3011 of this code, persons having any matter of dispute among them arising under the school laws of Texas or *any person aggrieved ... by actions or decisions of any board of trustees* or board of education may appeal in writing to the commissioner of education, who, after due notice to the parties interested, shall hold a hearing and render a decision without cost to the parties involved, but nothing contained in this section shall deprive any party of any legal remedy.

. . .

(c) Any person, county, or school district aggrieved by any action of the Central Education Agency or decision of the commissioner of education may appeal to a district court in Travis County, Texas. Appeals shall be made by serving the commissioner of education with citation issued and served in the manner provided by law for civil suits. The petition shall state the action or decision from which the appeal is taken. Upon trial the court shall determine all issues of law and fact, except as provided by Section 21.920(e) of this code.

**2.** Section 7.057 of the Education Code replaced section 11.13 as a result of 1995 legislative amendments. However, the legislation specifically provided that actions taken by school boards before January 1, 1996, were governed by the law as it existed prior to the new codification. Therefore, section 11.13 governs this case. (Acts 1995, 74th Leg., ch. 260 § 60, effective May 30, 1995).

TEX. EDUC.CODE ANN. § 11.13 (Vernon 1991) (emphasis added). Section 11.13 is a general provision that conceivably applies to Vela's situation since the WISD board of trustees denied her grievance. However, because Vela's specific claim of racial and gender discrimination is brought under a special statute that has been held to be "mandatory" and "exclusive," we conclude that the intent of the CHRA is for Vela's claim to be subject only to those administrative remedies in the CHRA itself.

The policy behind the doctrine of exhaustion of administrative remedies is to encourage parties to resolve their dispute without resorting to litigation when an administrative procedure is provided for that purpose. This policy is embodied in the CHRA's administrative review system. Vela and WISD were provided an opportunity to resolve Vela's allegation of discrimination before resorting to litigation. Therefore, we believe it to be unnecessary for Vela to pursue two administrative review schemes, one under the CHRA and the other under the Education Code, before seeking relief in the courts. Administrative review under the CHRA is "mandatory" and "exclusive" when a school district employee asserts a claim under that Act.[3]

▮ The dissenting opinion contends that Vela was required to elect a remedy for her discrimination claim as required by section 21.211 of the CHRA by choosing to pursue her claim either through the appeals process in the Education Code or under the CHRA's administrative review system. TEX. LAB.CODE ANN. § 21.211 (Vernon 1996). Under section 21.211, a person who has initiated a cause of action in a court of law based on an allegedly unlawful employment practice may not file a complaint under the CHRA for the same claim. *Id.* Here, Vela's grievance to the WISD school board concerned her reassignment and her subsequent appeal to the Commissioner of Education centered on the propriety of the board's denial of that grievance. Although both Vela's appeal to the Commissioner and her discrimination claim under the CHRA are based on the same facts, the appeal to the Commissioner is not a "remedy" or cause of action for her discrimination claim. Thus, we conclude that section 21.211 is inapplicable to Vela's claim and this statutory provision does not resolve the issue before us.

**CONCLUSION**

Finding that Vela exhausted the administrative remedies necessary to her lawsuit, we reverse the trial court's order of dismissal, order that the cause be reinstated, and remand the cause for further proceedings.

TOM GRAY, Justice, dissenting.

In this case we have two administrative processes the Texas Supreme Court has characterized as "mandatory and exclusive." Both administrative processes initially appear to apply to this case. The majority has attempted to resolve this apparent conflict by determining which process is more specific. I believe the correct answer and result is determined through a different analysis.

**BACKGROUND**

The pertinent facts are as follows:

1. Vela alleges that she lost her position as a public school principal due to discrimination. She alleges both race and sex discrimination.

---

**3.** Vela does not assert common-law claims of the type discussed in *Gonzales v. Willis*, 995 S.W.2d 729 (Tex.App.—San Antonio 1999, no pet.), and *Perez v. Living Centers–Devcon, Inc.*, 963 S.W.2d 870 (Tex.App.—San Antonio 1998, pet. denied).

2. Vela pursued a grievance through the administrative grievance procedure. Her grievance proceeded through the administrative process until her "Petition for Review" was pending before the State Commissioner of Education.

3. In April of 1995, Vela filed a motion to abate the administrative proceeding before the State Commissioner of Education. Vela made the following representations in her motion:

> Petitioner has requested a Notice of Right to Sue from the Equal Employment Opportunity Commission, based upon a complaint filed more than 180 days before the request. EEOC staff have advised counsel for petitioner and respondent that the request has been forwarded to Washington, D.C. for final action by the Department of Justice.
>
> Upon receipt of the Notice of Right to Sue, petitioner intends to file a cause of action in federal court in Waco. Pending that action, petitioner requests the Commissioner to abate her appeal.

4. Waco ISD responded that conditioned upon the representations quoted above, Waco ISD did not oppose the motion to abate the administrative proceeding.

5. The abatement of the administrative proceeding was granted and later extended.

6. While the administrative proceeding was still pending, Vela filed suit in a state district court.

## THE ISSUE

Vela contends it is illogical that she would be required to exhaust two administrative proceedings before she can bring a claim against a public school system for a violation of the Texas Commission on Human Rights Act (TCHRA). She is correct that the Texas Education Code (TEC) has an administrative process that must be exhausted before she can pursue litigation against the public school system. TEX. EDUC.CODE ANN. § 11.13 (amended 1995) (current version at TEX. EDUC.CODE ANN. § 7.057 (Vernon Supp.2001)). The Texas Supreme Court has characterized exhaustion of this administrative process as the mandatory and exclusive manner in which a claim may be pursued. *Grounds v. Tolar Independent School Dist.*, 707 S.W.2d 889, 891–92 (Tex.1986). Vela is also correct that the TCHRA has an administrative process that must be exhausted before she can pursue a claim thereunder against her employer. TEX. LAB.CODE ANN. §§ 21.201–21.211 (Vernon 1996). The Texas Supreme Court has likewise characterized this administrative process as the mandatory and exclusive manner in which to pursue a discrimination claim under the human rights act. *Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 488 (Tex.1991) (*citing Grounds*, 707 S.W.2d at 891–92).

In constructing an apparent conflict, Vela and the majority have focused merely on the language of the Supreme Court and have failed to attempt to harmonize the statutes. Neither statute is more specific with regard to Vela's claims than the other. One statute applies to her specific claim because the discrimination is alleged to have been committed in connection with a public school. The other statute applies to her specific claim because it is a discrimination claim. Thus, Vela's claim falls into the area of overlap between these two equally specific statutes. Given the noble legislative purpose of keeping our public school system "as far as possible out of courts" we should not be so quick to find a conflict between these statutes.

There is nothing inherently in conflict with the requirement of imposing two procedural hurdles if, due to the nature of the

claim, it falls within special procedural provisions of two statutes. *See Turner v. Richardson Independent School Dist.*, 885 S.W.2d 553, 562 (Tex.App.—Dallas 1994, writ denied). While compliance with the TCHRA may be the only way to bring a claim under that statute, and to that extent compliance is the "mandatory and exclusive" way to bring such a claim, it does not mean that other procedural barriers cannot be imposed. Likewise, the TEA provided for an administrative review before resort to the courts. There are many Texas cases that have held that exhaustion of this administrative remedy is the only way to bring such a claim, *i.e.* it, too, is mandatory and exclusive.

The majority has expanded the Supreme Court's meaning of the term "exclusive" when used in the context of the TCHRA to mean, not only that it is the only means by which such a claim can be brought, but also that no other statute can be applicable. Just because one set of statutory hurdles is the exclusive manner of bringing a particular claim, does not mean that statute makes all other statutes inapplicable. In contrast to the way these statutes are worded, one example of a statute that does exclude all others is ERISA, the Employment Retirement Income Security Act, which preempts all other potentially applicable laws. Vela does not argue the TCHRA preempts all other statutes.

### LEGISLATIVE SOLUTION

When a potential conflict exists between two legislative remedies, the first thing we should search for is something in the statute which may resolve the apparent conflict. *Turner*, 885 S.W.2d at 562. When we examine these statutes, we find just such a provision. Apparently anticipating a potential for overlapping application, the legislature has resolved the issue by putting the litigant to an election of remedies.

The TCHRA contains the following provision:

> A person who has initiated an action in a court of competent jurisdiction or who has an action pending before an administrative agency under other law or an order or ordinance of a political subdivision of this state *based on an act that would be an unlawful employment practice* under this chapter may not file a complaint under this subchapter for the same grievance.

Tex. Lab.Code Ann. § 21.211 (Vernon 1996) (emphasis added).

Vela argues that "... she has exhausted her administrative remedies under the Education Code because she is prohibited by the TCHRA, § 21.211 from pursuing any other action...." She relies on TEC § 11.13 which states that the TEC does not "... deprive any party of any legal remedy" as confirmation of her right to bring this suit for discrimination under the TCHRA.

Vela's reliance is misplaced. It is, as she stated earlier in her brief, TCHRA § 21.211 that prohibits her from pursuing any other action, not the Education Code. Thus, the TEC is not depriving her of any other remedy in violation of § 11.13. Clearly aware of the election of remedies required by TCHRA § 21.211, Vela attempted to simultaneously pursue two state remedies for the same act. This is what Vela is specifically prohibited from doing by TCHRA § 21.211. *See Schroeder*, 813 S.W.2d at 486–87. If the TCHRA preempted other forms of relief for the same act, there would be no reason to include an election of remedies clause in the Act. The inclusion of this provision negates any suggestion the legislature intended the TCHRA to preempt any other form of relief.

## APPLICATION

Vela had a claim pending under the TEC before the Commissioner of Education while attempting to pursue a TCHRA claim in state court. The statute prohibits simultaneous pursuit of these remedies. The trial court had no jurisdiction to proceed with Vela's discrimination claim and properly granted the plea to the jurisdiction.

Because jurisdiction had been properly challenged, Vela was required to show the trial court had jurisdiction of the TCHRA claim. Thus, even if Vela was not required to exhaust her administrative remedies under the TEC, she has failed to demonstrate that she had not elected to pursue a remedy under the TEC at the time she had filed her TCHRA discrimination complaint and thereby foreclosed the trial court's jurisdiction under the statutory election of remedies provision of the TCHRA. Further, the record only shows that Vela may have exhausted her remedies with the EEOC, not the administrative procedures necessary to pursue a state TCHRA claim. *See Williams v. Northrop Grumman Vought,* 68 S.W.3d 102 (Tex.App.—Dallas 2001, no pet. h.) (noting that an EEOC right to sue letter is not interchangeable with a TCHRA right to sue letter for purposes of filing a civil action); *see also Jones v. Grinnell Corp.,* 235 F.3d 972 (5th Cir.2001) (applying Texas law, the court held exhaustion of only EEOC administrative remedies does not give trial court jurisdiction under TCHRA).

## SUMMARY

This case presents a classic example of why the legislature put the litigant to an election of remedies. The alleged improper conduct in this case occurred over seven years ago. The purpose of both administrative proceedings, as acknowledged by the majority, is to encourage a quick disposition of this type dispute. But during this case, for a period of over six months, both proceedings were abated at the same time. As a result of attempting to simultaneously pursue remedies in these two forums, this case has lingered in our court system for far too long.

Apparently when the dual forums were initially pursued by Vela, she anticipated bringing her discrimination claim in federal court. This would not have triggered the election of remedies requirement of TCHRA § 21.211. *See Texas Educ. Agency v. Cypress–Fairbanks I.S.D.,* 830 S.W.2d 88, 91 (Tex.1992). Having elected to proceed under the Education Code, Vela closed her alternative for an action in state court.

Because the majority concludes that she is not precluded from pursuing her state court option, I respectfully dissent.