IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00258-CV

 

Bernice M. DeRouen,

                                                                                                Appellant

 v.

 

The Falls County Sheriff’s Department, 

and Ricky Scaman, Deputy Sheriff, in 

his Individual and Official Capacities,

                                                                                                Appellees

 

 

 



From the 82nd District Court

Falls County, Texas

Trial Court No. 36,364

 



MEMORANDUM  Opinion



 








            Bernice M. DeRouen sued the Falls
County Sheriff’s Department and Deputy Sheriff Ricky Scaman, in his individual
and official capacities, alleging false imprisonment and injuries suffered during
her arrest and transport to jail.  The County filed a plea to the jurisdiction
and a no-evidence motion for summary judgment, which the trial court granted.[1] 
DeRouen, acting pro se, contends that the trial court erred by holding that (1)
her affidavit is “insufficient and failed to raise a material fact issue of
evidence”; (2) her claim is “barred by the statute of sovereign immunity
because there was no violation of a policy or custom”; and (3) she “failed to
present any evidence to support a no-evidence summary judgment that a policy or
custom of the County which was the moving force of DeRouen’s constitutional
harm.”  We construe these arguments as a challenge to the granting of the
County’s plea to the jurisdiction and no-evidence motion for summary judgment. 
We affirm in part and reverse and remand in part.

FACTUAL BACKGROUND

            DeRouen was visiting her daughter when
police arrived at the home.  DeRouen answered the door and several officers entered
the home without a search warrant despite DeRouen’s protests.  DeRouen placed
her finger on an officer’s shoulder and informed him that he needed a warrant. 
DeRouen was arrested.  She claimed that she was “handcuffed with the cuffs too
tight on my wrist,” “manhandled in the process of being handcuffed,” “pulled
out of the house without my shoes and in clothes not suitable for winter
weather,” and “paraded…through the black part of the City of Lott.”  During
DeRouen’s transport to the jail, officers searched another home and pursued a
vehicle.  DeRouen remained handcuffed, all the while experiencing pain in her
neck, hands, and arms.  After the cuffs were removed and she was later
released, she continued experiencing numbness and pain.  She alleged that she
was “unlawfully imprisoned,” “treated with greater force than that necessary to
arrest me,” and the officers were “unprofessional,” “almost hateful,” and
“certainly spiteful.”

Plea to the Jurisdiction

A plea to the jurisdiction challenges the trial court’s
“power to determine the subject matter of the suit.”  Vela v. Waco Indep. Sch. Dist., 69 S.W.3d 695, 698 (Tex.
App.—Waco 2002, pet. withdrawn).  We review a plea “based on sovereign immunity de novo because the question of
whether a court has subject matter jurisdiction is a matter of law.”  Hoff v. Nueces County, 153 S.W.3d 45, 48 (Tex. 2004); see Vela, 69 S.W.3d at 698.  Where “the pleading requirement has been met and evidence has
been submitted to support the plea that implicates the merits of the case,
we take as true all evidence favorable to the nonmovant.”  Tex. Dep’t of Parks &
Wildlife v. Miranda,
133 S.W.3d 217, 228 (Tex. 2004) (citing Sci.
Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997)).  “We indulge every
reasonable inference and resolve any doubts in the nonmovant’s favor.”  Id.

DeRouen’s Pleadings

In her petition, DeRouen alleged that: (1) her
transport was “performed in a circuitous and dangerous fashion”; (2) her “neck,
arms and hands” were injured; (3) she was “jailed without provocation” and “unlawfully
jailed in violation of due process of law upon a warrantless arrest,” her “civil
rights,” and with “cruel insensitivity” to her rights; and (4) the officers’
actions were “negligent and willful physical abuse and false imprisonment.”  She
also alleged a claim under 42 U.S.C. § 1983.  She sought damages for medical
expenses, “physical injuries, pain and suffering, and emotional distress,” as
well as “humiliation, embarrassment, fear, frustration and general mental
anguish.”

Sovereign Immunity

“[S]overeign immunity deprives a trial court of
subject matter jurisdiction for lawsuits in which the state or certain
governmental units have been sued unless the state consents to suit.”  Miranda, 133 S.W.3d at 224.  The
Tort Claims Act waives sovereign immunity for the following areas of liability:
(1) injury caused by the operation or use of a motor-driven vehicle; (2) injury
caused by a condition or use of tangible personal property; and (3) injury
caused by a premises defect.  See Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 2005).

Operation or Use of a Motor-Driven Vehicle

As to her complaint regarding the manner in which
she was transported, DeRouen alleges that her “hands were cuffed behind her
back and, together with the mode of transport, injured Plaintiff’s neck, arms
and hands.”  It is not the use of a motor vehicle that caused DeRouen’s alleged
injuries, but the manner in which she was handcuffed.  She has not pleaded
personal injury arising out the use of a motor-driven vehicle.  See Tex. Civ. Prac. &
Rem. Code Ann. § 101.021(1)(A); see also DART v. Whitley, 104
S.W.3d 540, 542-44 (Tex. 2003) (plea to jurisdiction properly granted
where injuries did not arise out of the use of a motor-driven vehicle); Tex.
Natural Res. Conservation Comm’n v. White, 46 S.W.3d 864, 869 (Tex. 2001) (use of the vehicle “must have
actually caused the injury”).  The trial court properly granted the County’s
plea to the jurisdiction as to DeRouen’s claims arising from the operation or
use of a motor-driven vehicle.

False Imprisonment

The County argues that DeRouen’s false
imprisonment claim falls within the intentional-tort exception to the waiver of
sovereign immunity, which provides that the Tort Claims Act
does not apply to claims “arising out of assault, battery, false imprisonment,
or any other intentional tort.”  Tex.
Civ. Prac. & Rem. Code Ann. § 101.057(2) (Vernon 2005); see State Dep’t of Pub. Safety v. Petta, 44 S.W.3d 575, 580-81 (Tex. 2001); see also
Delaney v. Univ. of Houston, 835 S.W.2d 56, 59 (Tex. 1992);
Watson v. Dallas Indep. Sch.
Dist., 135
S.W.3d 208, 220 (Tex. App.—Waco 2004, no pet.).  DeRouen’s false/unlawful
imprisonment claim falls squarely within this exception.  See Tex.
Civ. Prac. & Rem. Code Ann. § 101.057(2); see also Morris v. Copeland, 944 S.W.2d 696, 697, 698-99 (Tex.
App.—Corpus Christi 1997, no writ) (sovereign immunity barred claims for
false imprisonment, false arrest, and others).  The trial court properly granted the County’s plea to the
jurisdiction as to DeRouen’s false imprisonment claim.   

Use of Tangible Personal Property

DeRouen contends that she was handcuffed too tightly,
causing her to suffer injury and constituting misuse of tangible personal property. 
To the extent that she alleges
intentional misuse of the handcuffs, such as through excessive use of force or
an assault, DeRouen’s suit is barred by section 101.057.  See Tex.
Civ. Prac. & Rem. Code Ann. § 101.057(2).  However, DeRouen further
alleges that the officer’s conduct was negligent.  She alleges that she suffered
injury, not that the officer intended to injure her.  See Durbin v. City of Winnsboro, 135 S.W.3d 317, 324-25 (Tex. App.—Texarkana
2004, pet. denied).  Intent to injure cannot necessarily be inferred from the
act of improperly handcuffing DeRouen.  See id. at 325.  By alleging that she suffered injury as a result of
the officer’s negligent use of the handcuffs, DeRouen pleaded a cause of action
for use of tangible personal property under the Tort Claims Act.  See Tex. Civ. Prac. &
Rem. Code § 101.021(2); see also
Harrison v. Texas Dep’t of Criminal Justice-Institutional Div., 915 S.W.2d
882, 889-90 (Tex. App.—Houston [1st Dist.] 1995, no writ) (inmate’s allegation
that he “suffered injuries when TDCJ
employees…negligently restrained him utilizing security devices” stated a claim
against the TDCJ under the Tort Claims Act).

Because the trial court possessed subject matter jurisdiction
over DeRouen’s claim regarding negligent use of tangible personal property, it erred
by granting the County’s plea to the jurisdiction as to this claim.

SUMMARY
JUDGMENT

            In its no-evidence motion for summary judgment, the County argued
that it could not be liable for a section 1983 claim because DeRouen failed to
present any evidence of harm caused by a policy or custom of the County. 
DeRouen argues that her affidavit was sufficient to withstand summary judgment
and that the trial court erred by determining that she failed to present
evidence of a “policy or custom.”

Standard of Review

A no-evidence summary judgment is reviewed under
the same standard as a directed verdict.  See Mack Trucks, Inc. v. Tamez,
206 S.W.3d 572, 581 (Tex. 2006).  “We review the evidence presented by the
motion and response in the light most favorable to the party against whom the
summary judgment was rendered, crediting evidence favorable to that party if
reasonable jurors could, and disregarding contrary evidence unless
reasonable jurors could not.”  Id. at 582.  A no-evidence summary
judgment will be defeated if the non-movant produces some evidence “raising an
issue of material fact” on the elements challenged by the movant.  Id.

Analysis

            “Section 1983 offers no
respondeat superior liability.”  Pineda v. City of Houston, 291 F.3d 325, 328 (5th Cir.
2002), cert. denied, 537 U.S. 1110, 123 S. Ct. 892,
154 L. Ed. 2d 782 (2003).  “Municipalities face § 1983 liability ‘when
execution of a government’s policy or custom, whether made by its lawmakers or
by those whose edicts or acts may fairly be said to represent official policy,
inflicts the injury….’”  Id. (quoting Monell v. Dep’t of Social Servs., 436 U.S. 658, 694, 98 S. Ct.
2018, 2037, 56 L. Ed. 2d 611 (1978)).  “Proof of municipal liability
sufficient to satisfy Monell requires: (1) an official policy (or
custom), of which (2) a policy maker can be charged with actual or constructive
knowledge, and (3) a constitutional violation whose ‘moving force’ is that
policy (or custom).”  Id.

DeRouen
presented no evidence of a policy or custom, either in her affidavit or by any
other means.  The record contains no documents or testimony establishing a
custom or policy regarding use of force, similar incidents of force, or a
routine use of force.  See Hallmark v. City of Fredericksburg, 94 S.W.3d
703, 708 (Tex. App.—San Antonio 2002, pet. denied).  Because DeRouen failed to
present any evidence that her constitutional rights were violated as the result
of a custom or policy of the County, the trial court properly granted the
County’s no-evidence motion for summary judgment on DeRouen’s section 1983
claim.  See Tex. R. Civ. P.
166a(i); see also Pineda, 291 F.3d at 328.

CONCLUSION

Because
the trial court erred by granting the County’s plea to the jurisdiction as to
DeRouen’s claim for negligent use of tangible personal property, we reverse the
judgment as to that claim and remand this cause to the trial court for further
proceedings consistent with this opinion.  We affirm the judgment in all other
respects.

 

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurring and dissenting with a note)*

Affirmed in part;
reversed and remanded in part 

Opinion delivered and
filed July 23, 2008

[CV06]

 

*           (“Chief Justice Gray concurs in the judgment to the
extent that it affirms the trial court’s judgment and dissents to the judgment
of this Court to the extent that it does not affirm the trial court’s
judgment.  A separate opinion will not issue.”)

 

 

 









[1]               The trial court also granted
Scaman’s motion to dismiss filed in his individual capacity.  DeRouen does not
challenge this dismissal.