WITHDRAWN 12/22/10
REISSUED 12/22/10



**IN THE
TENTH COURT OF APPEALS**

_____

**No. 10-09-00426-CV**

**HOPPENSTEIN PROPERTIES, INC.,**

**Appellant**

 **v.**

**McLENNAN COUNTY APPRAISAL DISTRICT,**

**Appellee**

_____

**From the 170th District Court
McLennan County, Texas
Trial Court No. 2009-2194-4**

---

## MEMORANDUM  OPINION

---

Hoppenstein Properties, Inc. sued the McLennan County Appraisal District ("MCAD") for breach of contract and other claims after MCAD abandoned the premises it was leasing from Hoppenstein.  The trial court granted MCAD's partial plea to the jurisdiction on Hoppenstein's claim of anticipatory breach.  On appeal, Hoppenstein challenges the granting of MCAD's plea on grounds that: (1) the lease is a contract involving the provisions of services for which governmental immunity has been waived

under section 271.152 of the Local Government Code; and (2) any waiver of immunity under section 271.152 must be determined on a "contract-by-contract basis" rather than a claim-by-claim basis. We affirm.

## FACTUAL BACKGROUND

Hoppenstein entered a commercial lease with MCAD. A construction addendum required Hoppenstein, as landlord, to complete certain renovations. The term of the lease began after completion of renovation to unoccupied space. The lease required construction to be "performed by trained and qualified persons in a good and workman-like manner" and in compliance with applicable codes, ordinances, regulations, and statutes. Hoppenstein was to obtain any certificate of occupancy. MCAD retained the right to inspect and object to any deficiencies. MCAD was required to pay a certain amount for the renovations. The lease also provided for regular repair and maintenance to be performed by Hoppenstein. Claiming that Hoppenstein failed to complete these renovations, MCAD abandoned the premises.

In its partial plea to the jurisdiction, MCAD sought dismissal of Hoppenstein's claim for "rents and related obligations that purportedly have been or will be incurred after [MCAD] abandoned the premises." The trial court granted the plea as to Hoppenstein's claim for anticipatory breach.

## STANDARD OF REVIEW AND APPLICABLE LAW

A plea to the jurisdiction challenges the trial court's "power to determine the subject matter of the suit." *Vela v. Waco Indep. Sch. Dist.*, 69 S.W.3d 695, 698 (Tex. App.—Waco 2002, pet. withdrawn). We review a plea "based on sovereign immunity

de novo because the question of whether a court has subject matter jurisdiction is a matter of law." *Hoff v. Nueces County*, 153 S.W.3d 45, 48 (Tex. 2004); *see Vela*, 69 S.W.3d at 698. Where "the pleading requirement has been met and evidence has been submitted to support the plea that implicates the merits of the case, we take as true all evidence favorable to the nonmovant." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004) (citing *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997)). "We indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Id*.

> A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a *contract subject to this subchapter* waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter.

TEX. LOCAL GOV'T CODE ANN. § 271.152 (Vernon 2005) (emphasis added). A "'[c]ontract subject to this subchapter' means a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity…" *Id*. at § 271.151(2) (Vernon 2005).

"[B]y enacting section 271.152, the Legislature intended to loosen the immunity bar so 'that *all* local governmental entities that have been given or are given the statutory authority to enter into contracts shall not be immune from suits arising from those contracts.'" *Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 327 (Tex. 2006) (quoting HOUSE COMM. ON CIVIL PRACTICES, BILL ANALYSIS, Tex. H.B. 2039, 79th Leg., R.S. (2005)). "[E]ntering into 'a written contract stating the essential terms of [an] agreement for

providing goods or [insurance] services to [a] local governmental entity'" constitutes a waiver of immunity. *Id*.

A contract that involves an interest in property, alone, is not an agreement to provide goods or services to a governmental entity. *See City of San Antonio v. Reed S. Lehman Grain, Ltd.*, No. 04-04-00930-CV, 2007 Tex. App. LEXIS 7515, at *6-7 n.2 (Tex. App.—San Antonio Mar. 14, 2007, pet. denied) (mem. op.). Section 271.152 waives an entity's immunity from suit if the essential terms of the contract involve the provision of services that directly benefit the entity. *See Berkman v. City of Keene*, 311 S.W.3d 523, 527 (Tex. App.—Waco 2009, pet. denied).

## ANALYSIS

In issue one, Hoppenstein contends that immunity is waived because the lease is a contract subject to section 271.152 of the Local Government Code.

Because the lease calls for renovations and continuing repairs, Hoppenstein contends that the essential terms of the lease involve both an interest in land and the provision of services directly to MCAD. MCAD contends that Hoppenstein's claim for anticipatory breach arises out of the lease of the property and not the provision of services.

In *Somerset Independent School District v. Casias*, No. 04-07-00829-CV, 2008 Tex. App. LEXIS 2895 (Tex. App.—San Antonio Apr. 23, 2008, pet. denied) (mem. op.), SISD entered an earnest money contract with Casias for the purchase of real property. *See Casias*, 2008 Tex. App. LEXIS 2895, at *1. As a condition to closing, Casias agreed to remove all environmental hazardous conditions or substances. *Id*. at *1-2. The San

Antonio Court declined to apply section 271.152 "because the earnest money contract at issue relates to the sale of land -- not goods or services." *Id*. at *6.

> Although Casias maintains the earnest money contract contemplates both the sale of land as well as the provision of environmental clean-up services to SISD, the earnest money contract expressly stated that SISD's obligations were conditioned upon the environmental clean-up and SISD would not be liable to the Heirs for reimbursement of any clean-up expenses if the contract did not close. Although the environmental clean-up was a condition to closing, the contract itself was for the sale of land and is not included in section 271.152's limited waiver of immunity.

*Id*. at *8.

In *Brazos River Authority v. Brazos Electric Power Cooperative, Inc.*, No. 10-09-00403-CV, 2010 Tex. App. LEXIS 4742 (Tex. App.—Waco June 23, 2010, no pet. h.) (mem. op.), we held that a claim for breach of a Facilities Use Agreement did not fall within section 271.152's waiver of immunity:

> Brazos Electric pleads that because, under the FUA, it will operate, maintain, and repair the Facility and supply the Facility with electricity, the FUA provides the essential terms of an agreement for providing goods or services to the Authority. The FUA is in essence a lease of the Facility -- the FUA describes the Facility as the "Leased Facility." Brazos Electric's lease of the Facility is not the provision of goods or services to the Authority, and Brazos Electric does not attempt to argue otherwise in this appeal.

*Brazos River Auth.,* 2010 Tex. App. LEXIS 4742, at *6-7.

As in *Casias*, the essential terms of the lease between Hoppenstein and MCAD involve an interest in property, not the provision of services.[1] *See Casias*, 2008 Tex. App.

---

[1] Hoppenstein attempts to distinguish *Casias* on grounds that the services provided by Casias to SISD were not part of the earnest money contract upon which suit was based. We are not persuaded. In *Casias*, the essential terms of the contract involved the potential sale of realty and the environmental clean-up services were a condition to closing. *See Somerset Indep. School Dist. v. Casias*, No. 04-07-00829-CV, 2008 Tex. App. LEXIS 2895, at *8 (Tex. App.—San Antonio Apr. 23, 2008, pet. denied) (mem. op.).

LEXIS 2895, at *8.  The renovation services were conditions to commencement of the lease term.  As in *Brazos River Authority*, the essential terms of the agreement involve the lease of facilities and continuing repairs do not amount to a contract for goods or services.  *See Brazos River Auth.*, 2010 Tex. App. LEXIS 4742, at *6-7.

Moreover, as owner of the property, Hoppenstein is the direct beneficiary of any renovations and maintenance of the property.  While MCAD, as tenant, merely benefits in a "general way."  *E. Houston Estate Apts., L.L.C. v. City of Houston*, 294 S.W.3d 723, 736 (Tex. App.—Houston [1st Dist.] 2009, no pet.).  Any services provided to MCAD would be too indirect and attenuated to invoke section 271.152's waiver of immunity.  *See Berkman*, 311 S.W.3d at 527.

Because the lease does not constitute a contract for the provisions of goods and services, immunity from suit is not waived under section 271.152.  We overrule issue one.

We need not address issue two.

We affirm the order granting MCAD's partial plea to the jurisdiction.


FELIPE REYNA
Justice

---

Here, the essential terms of the contract involve the lease of property and the renovation services were conditions to commencement of the lease term.

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Affirmed
Opinion delivered and filed August 18, 2010
[CV06]