

**NUMBER 13-12-00625-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

SHARYLAND INDEPENDENT
SCHOOL DISTRICT,                                                          Appellant,

v.

ROMELIA FARIAS MOLINA,                                                Appellee.

---

### On appeal from the 92nd District Court of
### Hidalgo County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion by Justice Garza

Appellee, Romelia Farias Molina, sued appellant, Sharyland Independent School District (SISD), alleging retaliation and discrimination based on her disability. *See* TEX. LAB. CODE ANN. §§ 21.051, 21.055 (West 2006). SISD filed a plea to the jurisdiction, asserting that the trial court lacked jurisdiction because Molina failed to exhaust her

administrative remedies pursuant to the Texas Education Code. *See* TEX. EDUC. CODE ANN. § 21.207 (West Supp. 2011), § 21.209 (West 2006). The trial court initially granted SISD's plea to the jurisdiction. However, after a hearing, the trial court granted Molina's motion for new trial, effectively denying SISD's plea to the jurisdiction. We hold that Molina was not required to exhaust her remedies under the education code and therefore affirm the trial court's order.

## I. BACKGROUND

Molina was employed as an assistant principal at SISD. In the spring of 2011, she was notified that her contract would not be renewed because of a reduction in force. Molina filed a charge of discrimination alleging retaliation and discrimination on the basis of her disability. After she received a right-to-sue letter from the Texas Workforce Commission—Civil Rights Division (TWC), she filed suit against SISD, alleging retaliation and discrimination on the basis of her disability under the labor code. *See* TEX. LAB. CODE ANN. §§ 21.051, 21.055. It is undisputed that Molina did not pursue a hearing with SISD's Board of Trustees or an appeal with the Commissioner of Education.

SISD filed a plea to the jurisdiction, asserting that the trial court lacked jurisdiction over the suit because Molina failed to exhaust her administrative remedies under the Term Contract Nonrenewal Act. *See* TEX. EDUC. CODE ANN. § 21.201–.213 (West 2006 & Supp. 2011). The trial court's order granting Molina's motion for new trial effectively denied SISD's plea to the jurisdiction. This interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (a)(8) (West Supp. 2011).

2

## II. STANDARD OF REVIEW AND APPLICABLE LAW

### A. Plea to the Jurisdiction

A plea questioning the trial court's subject-matter jurisdiction raises a question of law that we review de novo. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We focus first on the pleadings to determine whether the facts pled affirmatively demonstrate that subject-matter jurisdiction exists. *Id.* We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Id.* A plea should not be granted if a fact issue is presented as to the court's jurisdiction, but if the pleadings affirmatively demonstrate an incurable jurisdictional defect, then the plea to the jurisdiction must be granted. *Id.* at 227–28. If the pleadings are insufficient to establish jurisdiction but do not affirmatively demonstrate an incurable defect, the plaintiff should be afforded the opportunity to replead. *Id.* at 226–27. In performing its review, an appellate court does not look to the merits of the case but considers only the pleadings and evidence relevant to the jurisdictional inquiry. *Id.* at 227.

### B. Texas Labor Code

Chapter 21 of the labor code, which is also known as the Commission on Human Rights Act (CHRA), prohibits an employer from discharging or in any other way discriminating against an employee because of the employee's race, color, disability, religion, sex, national origin, or age. TEX. LAB. CODE ANN. § 21.051. Specifically, section 21.051 of the labor code provides the following:

> An employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age the employer:
>
> (1) fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in

connection with compensation or the terms, conditions, or privileges of employment; or

*(2)* limits, segregates, or classifies an employee or applicant for employment in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any other manner the status of an employee.

*Id.* The CHRA also prohibits employers from retaliating or discriminating against an employee who: "(1) opposes a discriminatory practice; (2) makes or files a charge; (3) files a complaint; or (4) testifies, assists, or participates in any manner in an investigation, proceeding, or hearing." *Id.* § 21.055.

It is well settled that before suing under chapter 21, the complainant must exhaust her administrative remedies. *See City of Waco v. Lopez*, 259 S.W.3d 147, 154–55 (Tex. 2008); *Hoffmann–La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 446 (Tex. 2004). To exhaust administrative remedies under chapter 21 of the labor code, a plaintiff must: (1) file a complaint with the TWC within 180 days of the alleged discriminatory practice; (2) permit the TWC to dismiss the complaint or resolve it within 180 days before filing suit; and (3) file suit no later than two years after the complaint is filed. TEX. LAB. CODE ANN. § 21.201–.202, .208, .256 (West 2006); *Rice v. Russell–Stanley, L.P.*, 131 S.W.3d 510, 513 (Tex. App.—Waco 2004, pet. denied). The plaintiff's administrative remedies are exhausted by her entitlement to a right-to-sue letter, which simultaneously ends the exclusive jurisdiction of the TWC. *Rice*, 131 S.W.3d at 513. It is undisputed that Molina exhausted her administrative remedies under the labor code.

4

### C. Term Contract Nonrenewal Act (TCNA)

The TCNA, found in chapter 21 of the Texas Education Code, provides an administrative procedure that allows a person employed by a school district under a term contract to seek judicial review of a district's decision not to renew the contract. *See* TEX. EDUC. CODE ANN. §§ 21.207–.209; *Ysleta Indep. Sch. Dist. v. Griego*, 170 S.W.3d 792, 794–95 (Tex. App.—El Paso 2005, pet. denied). The TCNA requires an employee who is aggrieved by the nonrenewal of a term contract to exhaust administrative remedies before seeking redress in the courts. *See* TEX. EDUC. CODE ANN. § 21.209; *Brown v. Amarillo Indep. Sch. Dist.*, 190 S.W.3d 7, 10 (Tex. App.— Amarillo 2005, no pet.). It is undisputed that Molina did not exhaust her administrative remedies under the TCNA.

### III. DISCUSSION

By a single issue, SISD contends the trial court erred in denying its plea to the jurisdiction because Molina failed to exhaust her administrative remedies under the TCNA before filing suit. SISD argues that, because part of Molina's claim is that her contract was not renewed, she was required to exhaust her administrative remedies under the TCNA, and her failure to do so deprives the trial court of jurisdiction. Molina responds that she was not required to exhaust her administrative remedies under the TCNA because she pursued claims of retaliation and discrimination based on her disability under the labor code. Molina argues that because she exhausted her administrative remedies under the labor code, the trial court had jurisdiction over her suit.

5

Molina relies on *Vela v. Waco Independent School District*, 69 S.W.3d 695, 702 (Tex. App.—Waco 2002, pet. withdrawn) and *Port Arthur Independent School District v. Edwards*, No. 09-11-628-CV, 2012 WL 489052 (Tex. App.—Beaumont Feb. 16, 2012, no pet.) (mem. op.), in support of her argument. In *Vela*, the plaintiff sued the Waco Independent School District (WISD) alleging that it discriminated against her on the basis of ethnicity and sex when she was reassigned from her position as an elementary school principal to a position in WISD's central office. 69 S.W.3d at 697. As in the present case, Vela filed a discrimination complaint and exhausted her administrative remedies under the labor code. *See id.* WISD argued that Vela was required to exhaust her remedies under both the labor code and the education code. *See id.* As noted in *Austin Independent School District v. Lowery,* the Waco court:

> explicitly rejected the dual-exhaustion requirement, holding that it was unnecessary for a school district employee "to pursue two administrative schemes, one under the [labor code] and the other under the Education Code, before seeking relief in the courts." The holding in *Vela* was predicated on the court's determinations that (1) unlike the education code, the [labor code] contains specific statutes that address discrimination by an employer; and (2) a school district employee's discrimination claim under the [labor code] does not pertain to the administration of school laws. *Id.* at 701.

212 S.W.3d 827, 832 (Tex. App.—Austin 2006, pet. denied), *disapproved on other grounds by Rusk State Hosp. v. Black,* 392 S.W.3d 88 (Tex. 2012) (citations omitted); *see Larsen v. Santa Fe Indep. Sch. Dist.*, 296 S.W.3d 118, 130 n.12 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (noting that the *Vela* court "held that the [CHRA's] provisions requiring exhaustion of administrative remedies described in the statute itself trumped the Education Code and made it unnecessary for the plaintiff to

exhaust the school district's remedies; thus, the [CHRA] requires only exhaustion of the administrative remedies outlined within the Act itself").

In *Edwards*, the Port Arthur Independent School District (PAISD) transferred the plaintiff (Edwards) from a position as a principal to an administrative position. 2012 WL 489052, at *1. After exhausting her administrative remedies under the labor code, Edwards filed suit alleging discrimination and retaliation. *Id.* As in the present case, PAISD filed a plea to the jurisdiction alleging that Edwards's suit was barred because she had not exhausted her administrative remedies under the education code. *See id.* Relying, in part, on the reasoning in *Vela* and the supreme court's ruling in *City of Waco v. Lopez*, 259 S.W.3d 147, 151, 155 (Tex. 2008),[1] the *Edwards* court found that, "it is the Legislature's intent that work-related discrimination claims that fall within the purview of the CHRA be subject only to the administrative remedies in the [CHRA]." *See Edwards*, 2012 WL 489052 at *5 (citing *Vela*, 69 S.W.3d at 702). The *Edwards* court looked to Edwards's pleadings, noting that she had alleged that her transfer was in retaliation for her opposition to PAISD's discriminatory practices, and that she had not asserted a claim for breach of contract. *See id.* The court held that Edwards was not required to exhaust her administrative remedies under the education code before filing her suit. *See id.* at *6.

We next turn to examine Molina's pleadings. Molina's pleadings state that she is only pursuing claims under the labor code and is not pursuing claims under the education code. She asserts that she has a disability, "a form of cerebral palsy which

---

[1] In *Lopez*, the Texas Supreme Court held that the CHRA provided the exclusive state statutory remedy for claims of discrimination and retaliation. *City of Waco v. Lopez*, 259 S.W.3d 147, 156 (Tex. 2008).

affects major life activities such as walking, balancing, working and lifting." Molina alleges that SISD discriminated against her on the basis of her disability by:

> having her office secluded away from the principal when no one else is, being harassed for not signing documents requiring [her] to be physically doing things made very difficult by her disability, being passed up for interviews, using different tools to evaluate her, being relieved of important assistant principal duties, being informed that she would not be affected by the reduction in force (RIF) plan and in fact was, failure to promote and being the only administrator who was terminated.

She also claims that SISD retaliated against her because she raised the issue of discrimination against her.

We recognize that the plaintiffs in *Vela* and *Edwards* were transferred or reassigned by their respective employers. *See Vela*, 69 S.W.3d at 697; *Edwards*, 2012 WL 489052, at *1. Because their employers did not fail to renew their contracts, the TCNA was not applicable. *See Vela*, 69 S.W.3d at 697; *Edwards*, 2012 WL 489052, at *1. Rather, in each case, the school district relied on section 7.057 of the education code or its predecessor and argued that the plaintiff was required to exhaust her administrative remedies. *See* TEX. EDUC. CODE ANN. § 7.057 (West Supp. 2011).[2] Claimants under both the TCNA and section 7.057 of the education code are required to exhaust their administrative remedies before filing suit. *See Larsen*, 296 S.W.3d at 128 ("Texas courts hold that contractual school district employees must exhaust administrative remedies found in the Education Code pursuant to either section 7.057 (a)(2)(B) or the Term Contract Nonrenewal Act."). Accordingly, we do not see a

---

[2] Section 7.057 of the education code grants the Commissioner of Education exclusive jurisdiction over claims involving the "school laws of this state," and over actions or decisions of any school district board that violate "the school laws of this state" or any provision of a written contract between the school district and its employee. *See* TEX. EDUC. CODE ANN. § 7.057 (West Supp. 2011).

8

significant distinction between the facts in *Vela* and *Edwards* and the present case and conclude that the reasoning in those cases is dispositive of the issue in this appeal.

SISD cites *Nairn v. Killeen Independent School District*, 366 S.W.3d 229, 248 (Tex. App.—El Paso 2012, no pet.), *Griego*, 170 S.W.3d at 797, and *Brown,* 190 S.W.3d at 10, in support of its position. None of these cases, however, involve plaintiffs who asserted claims under the labor code and exhausted their administrative remedies under the labor code. Accordingly, we find them to be distinguishable.

Construing Molina's pleadings liberally in her favor and looking to her intent, as we must, *see Miranda*, 133 S.W.3d at 226, we conclude that Molina exhausted her administrative remedies under the labor code and, following the Waco and Beaumont courts, we conclude that she was not required to exhaust her administrative remedies under the education code. *See Vela*, 69 S.W.3d at 702 ("[W]e conclude that the intent of the CHRA is for Vela's claim to be subject only to those administrative remedies in the CHRA itself."); *Edwards*, 2012 WL 489052, at *6 (holding that Edwards was not required to exhaust remedies under the education code before filing suit).

## IV. CONCLUSION

We overrule SISD's sole issue in this interlocutory appeal and affirm the trial court's order.

DORI CONTRERAS GARZA,
Justice

Delivered and filed the
19th day of September, 2013.

9